**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4309**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GERALD ADRIAN WHEELER, a/k/a Bay-Bay,

        Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00363-RJC-3)

Submitted: April 29, 2009        Decided: May 21, 2009

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Reggie E. McKnight, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Adrian Wheeler pled guilty, pursuant to a plea agreement, to conspiracy to possess with the intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846 (2006) (Count 1); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) (Count 6); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (Count 7). He received a total sentence of 180 months' imprisonment, comprised of 120 months' imprisonment for Count 1, sixty months' imprisonment for Count 6, to be served consecutive to Count 1, and 120 months' imprisonment for Count 7, to be served concurrently with Count 1. Wheeler's appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but arguing that the district court incorrectly applied 18 U.S.C. § 924(c)(1)(A) to sentence Wheeler to a consecutive sixty month sentence on Count 6, because Wheeler was already subject to the higher 120 month mandatory minimum sentence pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(B) for Count 1. Wheeler filed a pro se supplemental brief, reiterating the contention raised in the Anders brief. We affirm.

Because Wheeler did not object during sentencing, our review is for plain error.[*] United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Under the plain error standard, Wheeler must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34.

18 U.S.C. § 924(c)(1)(A) reads, in pertinent part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime[,] . . . possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than five years.

Wheeler's argument is foreclosed by United States v. Studifin, 240 F.3d 415 (4th Cir. 2001). In Studifin, we determined that the "except to the extent" language in § 924(c)(1)(A) merely serves "to link the remaining prefatory language" with other subdivisions of the chapter. Id. at 423.

---

[*] Though Wheeler's plea agreement contained an appeal waiver in which Wheeler agreed to waive all rights to contest his conviction or sentence, except for claims of prosecutorial misconduct or ineffective assistance of counsel, the Government has failed to assert this waiver. Accordingly, we address Wheeler's claims on the merits. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (where Anders brief is filed, "the government is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required Anders review").

3

Moreover,

> [T]he "any other provision of law" language provides a safety valve that would preserve the applicability of any other provisions that could impose an even greater mandatory minimum consecutive sentence for a violation of § 924(c). In other words, we read this language as simply reserving the possibility that another statute or provision might impose a greater minimum consecutive sentencing scheme for a § 924(c) violation, and not as negating the possibility of consecutive sentencing in the circumstances of the present case.

Id. Thus, as held in Studifin, the introductory language of § 924(c)(1)(A) merely allows the provision to work together with other applicable statutory provisions; it does not, as Wheeler suggests, render the other statutory provisions the exclusive minimum sentences to be applied to a given defendant. While Wheeler tries to distinguish Studifin by noting that the defendant in that case was an armed career criminal, that fact had no bearing upon our ruling. Accordingly, as Wheeler's argument is foreclosed by Studifin, the district court did not err in sentencing Wheeler to sixty months' consecutive imprisonment under § 924(c)(1)(A) even though Wheeler was already subject to the ten year mandatory minimum of 18 U.S.C. § 841(b)(1)(B).

Counsel also argues that sentencing Wheeler to two statutory minimums for two offenses violates the Eighth Amendment's prohibition against cruel and unusual punishment. This argument fails, however. Though "[s]evere, mandatory

4

penalties may be cruel, . . . they are not unusual in the constitutional sense." Harmelin v. Michigan, 501 U.S. 957, 994 (1991).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. Finding no error, we affirm the district court's judgment. This court requires counsel to inform Wheeler, in writing, of the right to petition the Supreme Court of the United States for further review. If Wheeler requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Wheeler. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5